Sergio LaFONTAINE, Plaintiff–Appellant,

v.

Sharon LILLEY, Nurse Administration at Sullivan Correctional Facility, P. Healy, Captain at Sullivan Correctional Facility, Defendants–Appellees.

Docket No. 01–0214.

United States Court of Appeals, Second Circuit.

Sept. 3, 2002.

Sergio LaFontaine, Pro se, Fallsburg, NY, for Appellant.

Steven N. Schulman, Assistant Attorney General of the State of New York, New York, NY, for Appellee.

Present F.I. PARKER, STRAUB and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Appeal from the United States District Court for the Southern District of New York (Alvin K. Hellerstein, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Sergio LaFontaine, *pro se,* appeals from the July 31, 2001

Judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ), entered pursuant to a July 25, 2001 Order, granting the motion to dismiss submitted by Defendants-appellees Sharon Lilley and P. Healy.

Plaintiff, incarcerated at Sullivan Correctional Facility, brought this action under 42 U.S.C. § 1983 alleging that prison officials at the Southport and Sullivan Correctional Facilities acted with deliberate indifference in assigning him to double bunk cells with smokers, despite knowledge of his "serious heart condition," and that as a result of exposure to second hand smoke, he suffered a heart attack and required triple bypass surgery.

On Defendants' motion, the district court dismissed Plaintiff's Amended Complaint on the ground that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

On appeal, LaFontaine contends that prior to filing the instant lawsuit, he was housed with a smoker for four or five months despite his informal complaints to various members of the medical staff. He argues that since he seeks money damages in this suit, he was not obligated to exhaust formal administrative remedies because New York's inmate grievance program does not provide monetary awards.

As the district court held, LaFontaine's argument fails under *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). In that case, the Supreme Court concluded that the PLRA requires a prisoner to exhaust administrative remedies regardless of the particular form of relief the prisoner desires as long as the administrative procedures can provide some relief to the prisoner. The district court found that the administrative process available to LaFontaine could have result-

ed in some action in response to his complaint, such as moving him to a single bunk cell. "Accordingly, Plaintiff was required to exhaust his administrative remedies before filing this lawsuit." Slip Op. at 3.

We agree and affirm the dismissal of LaFontaine's Amended Complaint for substantially the same reasons set forth in the district court's July 25, 2001 Order Granting Motion To Dismiss. We add that, although the district court's Order did not so state, the dismissal is without prejudice, as it must be when it is based on failure to exhaust. *See Morales v. Mackalm,* 278 F.3d 126, 131 (2d Cir.2002).

For the reasons set forth above, the judgment of the district court is AFFIRMED.